CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 20 2005
JOHN F. CORCORAN, CLERK
BY: HMcDvpa
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| JOHNNY M. HAMMACK, ) | |
| Petitioner, ) | Civil Action No. 7:05cv00196 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior U.S. District Judge |

This matter is before the court upon petitioner's Motion to Request that the Court Vacate, Remand, Resentence Petitioner in View of Constitutional Violation. By order entered April 8, 2005, the court notified petitioner, Johnny M. Hammack, of the court's intention to construe and address petitioner's motion as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, unless petitioner expressly objected within ten (10) days to the court's intended construction of the motion. See United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). By order entered April 28, 2005 the Court granted petitioner an additional 60 days in which to respond to the court's order. Petitioner has now responded by submitting a motion specifically labeled as a Motion to Amend Petition for 28 U.S.C. § 2255, accordingly the court will now address petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

On August 27, 1997, petitioner pled guilty to one count of conspiracy with intent to possess and distribute cocaine base. Hammack was sentenced on November 20, 1998 to 132 months. Petitioner did not appeal his conviction.

Hammack then filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In his petition, Hammack requests re-sentencing as a result of a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L.

Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. ___ (2005). However, because I find that this motion is untimely; I will, dismiss it pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. For purposes of the one-year limitations period for filing motions to vacate, the defendant's conviction becomes final when the time expires for pursuing direct appellate review. See Clay v. United States, 537 U.S. 522, 524 (2003). Accordingly, under this reasoning, Hammack's conviction became final ten business days after he was sentenced. Fed. R. App. P. 4(b).

Since Hammack did not appeal his conviction, it became final on or about November 30, 1998. However, Petitioner did not file his habeas petition until March 21, 2005. Clearly the one-year time period in which to file a timely § 2255 petition had run. Hammack does not offer any evidence to show that he was prevented from timely filing a § 2255 motion.

To get around the one year limitations period, it appears that Hammack is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, this court has held that Blakely does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). In addition, because Hammack has admitted that he did not appeal his sentence, it is clear that his claims would be procedurally barred. See Bousley v. United States,

2

523 U.S. 614, 621 (1998).

Because Hammack's petition is untimely, the court must dismiss his petition. In addition, even if his claims were timely, the rule in Blakely does not apply retroactively to Hammack's case. An appropriate order will be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 20th day of June, 2005.

Senior U.S. District Judge

3